**SUPER PRODUCTS CORPORATION, a Wisconsin Corporation, Plaintiff,**

v.

**D P WAY CORPORATION, a Wisconsin Corporation, et al., Defendants.**

No. 73–C–200.

United States District Court,
E. D. Wisconsin.

Sept. 24, 1975.

Robert K. Steuer, Lorinczi & Weiss, Milwaukee, Wis., for plaintiff.

Joseph E. Wimmer, Waukesha, Wis. (Multhauf, Wimmer & Evans), Arthur L. Morsell, Wheeler, Morsell, House & Fuller, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

WARREN, District Judge.

On April 12, 1973, plaintiff Super Products Corporation commenced an action against the defendants seeking damages for alleged violations of Section 3 of the Clayton Act, 15 U.S.C. § 14, and a declaration by this Court that United States Letters Patent No. 3,541,631 and Claim 1 thereof are invalid and void and have not been infringed by the plaintiff. Thereafter, on June 28, 1974, pursuant to a motion for summary declaratory relief filed by plaintiff on June 27, 1973, the Honorable John W. Reynolds, to whom this case was then assigned, entered findings of fact and conclusions of law regarding the validity of U.S. Patent No. 3,541,631. Relying upon such findings of fact and the legal conclusion that the claim of U.S. Patent No. 3,541,631 is invalid, plaintiff filed a subsequent motion on September 19, 1974, seeking: (1) dismissal of the antitrust claims asserted in count 1 of the complaint without costs and without prejudice pursuant to the provisions of Rule 41(a)(2), Fed.R.Civ.P.; (2) the entry of judgment in favor of plaintiff and against the defendants in accord with the findings of fact and conclusions of law heretofore mentioned, and (3) the award of $17,465.25 as reasonable attorneys' fees upon a determination by this Court that the facts as earlier found by Judge Reynolds render this case "exceptional" within the meaning of Title 35, Section 285, United States Code of Laws.[1] In addition, plaintiff has renewed its motion for preliminary and permanent injunctive relief.

Inasmuch as there is no dispute that plaintiff is entitled to judgment in accord with the findings of fact and conclusions of law entered herein on June 28, 1974 nor any objection by defendants to a voluntary dismissal of count 1 of plaintiff's complaint, save for a contingent objection to the conditions of dismissal,[2] the Court will proceed to a determination of whether the findings of fact entered herein on June 28, 1974, support an award of attorneys' fees under 35 U.S.C. § 285. The facts, as found by Judge Reynolds, which are pertinent to this Court's determination consist in those hereinafter recounted.

Plaintiff is a Wisconsin corporation with its principal place of business located in West Allis, Wisconsin. The corporate defendant is likewise a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin, and the individual defendants are all officers and shareholders of the corporate defendant. Both corporations are engaged in the manufacture of heavy-duty, dust-free mobile industrial vacuum cleaning devices. Defendant D P Way Corporation was the assignee of the entire right, title, and interest in and to United States Letters Patent No. 3,541,631 (hereinafter the "D P Way Patent"). Plaintiff, however, was a newly-formed corporation which was engaged in the business of selling heavy-duty, dust-free mobile industrial vacuum devices and had entered into contracts to sell a product containing each of the elements described in the D P Way Patent.

Upon its discovery that plaintiff was prepared to market a product containing the identical elements covered by the D P Way Patent, defendants informed prospective investors and customers of the plaintiff that they would initiate patent

---

1. 35 U.S.C. § 285 provides as follows:
    "The court in exceptional cases may award reasonable attorney fees to the prevailing party."

2. At p. 2 of defendants' brief, the statement is made that no objection exists to the entry of judgment in accord with the findings of facts and conclusions of law entered on June 28, 1974. Nor, defendants add, would they object to dismissal of count 1 of plaintiff's complaint, provided no costs or fees are awarded plaintiff incidental to its victory on the patent claim. Since defendants' objection is thus contingent upon a resolution of the issue of attorney fees under 35 U.S.C. § 285, the Court will proceed to a consideration of the latter issue, reserving at this juncture any determination on the conditions of dismissal of plaintiff's antitrust claim.

infringement actions against plaintiff or any other competitor infringing upon their alleged patent rights. In fact, counsel for defendants admitted to the Court that defendant D P Way Corporation intended to file an infringement action upon the sale of any infringing products by plaintiff.

On June 28, 1974, U.S. Patent No. 3,541,631 was held invalid because it failed to meet the test of a new and useful process, machine, manufacture or composition of matter, or any new or useful improvement thereof under 35 U.S.C. § 101, because it failed to meet the tests of novelty established by 35 U.S.C. § 102, and furthermore, because it did not meet the tests of nonobviousness delineated in 35 U.S.C. § 103. The D P Way Patent contained one Claim consisting of 40 lines, which Claim included three elements. Together, these elements constituted a "filter means" for use in a mobile, self-propelled vacuum-type cleaner.

Application for the patent had originally been filed on August 5, 1968. That application contained 10 Claims which were all rejected by the Patent Examiner either as being clearly anticipated by a Gray Patent or as being obvious over Gray in view of other patents referred to within the application. No reference was made during the prosecution of the application either to a device known as the "mikro-pulsaire" or to the Church U.S. Reissue Patent No. 24,954. In rejecting the original claims, the Patent Examiner concluded:

"... Applicants have merely selected the desirable features from prior art structures and united them in a single article possessing no new or unobvious result because of said assemblage."

Thereafter, an amendment to the foregoing application was filed on January 12, 1970, cancelling the original 10 Claims and substituting the single Claim of 40 lines earlier mentioned. Defendants' claims of uniqueness, innovation and novelty contained in the amendment related to the filter mechanism recited in lines 16–40 of the Claim. The filter means so described, which constituted the claimed invention, however, was neither a new or useful process, machine or manufacture, nor a new or useful improvement thereof. In fact, the "improved filter means" claimed by the applicants as their invention was identical to a device or filter unit known as the mikro-pulsaire, which was available for sale and in commercial use prior to the date of the alleged invention claimed in the patent application.

With regard to defendants' knowledge of the mikro-pulsaire and their conduct before the United States Patent Office in light of such knowledge, Judge Reynolds specifically found that:

"12. The defendant Paulson admitted in his deposition that prior to the date of his alleged invention, he was familiar with the mikro-pulsaire and knew it was patented. The mikro-pulsaire was made under U.S. Patent No. RE 24,954, known as the Church Reissue Patent, which was held invalid in *Aerodyne Machinery Corp. v. Slick Industrial Co.,* 169 U.S.P.Q. 150 (D. Minn.1971).

"13. The defendant Paulson also admitted that the mikro-pulsaire was utilized as part of the filtration system in his claimed invention, and that the mikro-pulsaire included each of the elements of the filter means described in lines 16 through 40 of the D P Way Patent claim . . . .

"14. At the time both the original application and the amendment were submitted to the Patent Office, applicant Paulson was familiar with the mikro-pulsaire and had incorporated the mikro-pulsaire in his device. Pauson admitted that the description of the filter means contained in lines 16–40 of the Claim describes the mikro-pulsaire; yet, no reference is made to the mikro-pulsaire in the application or amendment thereto, notwithstanding numerous statements in

the amendment referring specifically to the filter means.

\*    \*    \*    \*    \*    \*

"18. The Patent Office can only function based upon a relationship of trust between the Office and those wishing to avail themselves of the grants which it has been given authority to issue. Applicants must adhere to the highest standards of honesty and candor in presenting such facts to the Patent Office in order to make the patent system work. *Carter-Wallace, Inc. v. Davis-Edwards Pharmacal Corp.*, 443 F.2d 867, 881 (2d Cir. 1971); *Norton v. Curtiss*, [57 CCPA 1384] 433 F.2d 779, 793 (C.C.P.A.1970).

"19. The failure of the applicants in this case to cite as relevant prior art a device (the mikro-pulsaire) which was identical to the 'improved filter means' which the applicants claimed as their invention was a clear instance of a breach of the standards referred to above.

"20. If the applicants had disclosed the known facts concerning the existence and their appropriation of the mikro-pulsaire, then no patent would have been issued, because such a disclosure would have been inconsistent with each of their claims of novelty. A complete disclosure to the Patent Office concerning the mikro-pulsaire would have resulted in a rejection of the amended claim upon the same grounds as the rejection of the original claims.

"21. Paulson admitted in his deposition that the mikro-pulsaire constituted prior art which used the three elements of the purported invention as a filter means adapted to filter fine particles from an air stream. Had the existence of the mikro-pulsaire been cited to the Examiner, it would have been clear that the filter means described in lines 16–40 of the Claim was an appropriation of prior art by applicants."

Defendants contend that none of these facts as found by Judge Reynolds provides a sufficient basis on which to determine that the instant case is "exceptional" within the meaning of 35 U. S.C. § 285 because there is no specific or explicit finding of fraud or knowledgeable misrepresentation, as is required by the courts of this circuit. In support of their contention, defendants rely upon the decisions of *Scott Paper Company v. Fort Howard Paper Company*, 432 F.2d 1198 (7th Cir., 1970), *cert. denied*, 401 U.S. 913, 91 S.Ct. 882, 27 L.Ed.2d 812 and *Arctic Enterprises, Inc. v. Huber Paint & Glass Inc.*, 351 F.Supp. 617 (E. D.Wis., 1973). As noted by plaintiff, however, these decisions represent neither the only word nor the final word of the courts of this circuit on the subject of an award of attorneys' fees under 35 U.S.C. § 285. In the case of *L. F. Strassheim Co. v. Gold Medal Folding Furniture Co.*, 477 F.2d 818 (7th Cir., 1973), which was likewise an action for declaratory relief commenced by a potential infringer against a patentee, the Seventh Circuit Court of Appeals ruled that despite a failure to sustain proof of actual fraud, demonstration of defendant's "lack of diligence" in failing to make an appropriate investigation at the time of patent application rendered the case "exceptional" within the meaning of 35 U.S.C. § 285:

"Even though plaintiff failed to sustain its heavy burden of proving actual fraud, defendant's lack of diligence, both in 1953 and in 1964, was sufficiently serious to make this an 'exceptional case' within the meaning of 35 U.S.C. § 285. Plaintiff, as the prevailing party, is therefore entitled to an award of reasonable attorneys' fees." *Id.* at 824.

In further explanation of its determination, the court noted that although fee awards were generally predicated upon a finding of fraud, that category of finding was not exclusive:

"Fee awards pursuant to § 285 are most frequently predicated on a claim

of fraud. In such cases we have required clear and definite proof of fraud. *Armour & Co. v. Wilson & Co.*, 274 F.2d 143, 148 (7th Cir 1960); *Sarkes Tarzian, Inc. v. Philco Corp.*, 351 F.2d 557, 560 (7th Cir., 1965). The 'exceptional case' justification for the allowance of fees is not, however, limited to the fraud category. . . . The award in this case is supported not only by the patentee's failure to verify or disclose critical facts at the time of application, but also by the same considerations that underlie the authorization of sanctions for failure to make discovery. . . . This case is truly exceptional because the record unambiguously demonstrates that the defendant's 'exceptional oversight' with respect to 'critically important information' . . . resulted in an erroneous judgment and put plaintiff to legal expenses that would otherwise have been unnecessary." *Id.* at 824, fn. 9.

More recently, the Seventh Circuit Court of Appeals has rejected an argument identical to the defendants' herein and ruled that conduct which was "unreasonable, without legal justification and caused gross injustice to the plaintiff" constituted a sufficient basis for the award of attorneys' fees:

"The district judge appears to have based his determination that the case was 'exceptional' principally on his finding that the testimony of Matthews . . . was disingenuous. . . . The court concluded that in view of our decision in *L. F. Strassheim Co. v. Gold Medal Furniture Co.* . . . it was unnecessary to determine that there was fraud in order to award attorneys' fees under 35 U.S.C. § 285, and that it was enough to find, as the court did, that the defendant's conduct was 'unreasonable, without legal justification and caused gross injustice to the plaintiff.' Lucerne contends that an unconscionable act in the nature of fraud or bad faith is necessary to make the case exceptional under the statute, and that since the District Court found neither of these elements present its decision must be reversed. This argument ignores the *Strassheim* case, in which the court held that fraud was not necessary to support an award of attorneys' fees. Even in the absence of *Strassheim*, accepting, as we do, the District Court's finding with respect to Matthews' testimony, that testimony amounted to an unconscionable act done with deceptive intent and was a sufficient basis for an award of attorneys' fees. . . ." *Skil Corporation v. Lucerne Products, Inc.*, 503 F.2d 745, 750 (7th Cir. 1974).

In yet a further departure from the norm of fraud, the Seventh Circuit has determined that wrongdoing of a nature which impairs the integrity of the Patent Office will render a case 'exceptional' within the ambit of 35 U.S.C. § 285:

"We agree that this is an exceptional case and that the recovery authorized by § 285 should be allowed. The factors which we consider of controlling importance are not the protracted and complex character of the litigation but rather the nature of plaintiff's wrongdoing and its potential impact on the public. . . . It is of paramount importance that neither the integrity of the Patent Office, nor public confidence in that integrity, be impaired." *Kearney & Trecker Corp. v. Giddings & Lewis, Inc.*, 452 F.2d 579, 597 (7th Cir., 1971), *cert. denied*, 405 U.S. 1066, 92 S.Ct. 1500, 31 L.Ed. 2d 796 (1972).

In view of the standards hereinabove recited, there is great significance in the finding of Judge Reynolds that because of their failure to disclose *known* facts concerning the existence of the mikropulsaire as well as their *knowing* appropriation of this prior art to the Patent Office, the defendant applicants breached the high standards of honesty and candor which must characterize the relationship between the Patent Office

and those who seek to avail themselves of the grants which the Patent Office is authorized to issue in order to insure that the Patent Office and the patent system can function. Implicit in such finding is the determination of Judge Reynolds that the application was characterized by a deceptive intent and that the failure to disclose was, under the circumstances, a breach of so serious a nature that it affected the integrity of the Patent Office.

In *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 818, 65 S.Ct. 993, 999, 89 L.Ed. 1381 (1945), the United States Supreme Court defined the responsibilities of a patent applicant before the United States Patent Office. Moreover, in so doing, it noted that the duty of full and fair disclosure was not abrogated by resort to independent legal advice:

" . . . Those who have applications pending with the Patent Office or who are parties to Patent Office proceedings have an uncompromising duty to report to it all facts concerning possible fraud or inequitableness underlying the applications in issue. . . . This duty is not excused by reasonable doubts as to the sufficiency of the proof of the inequitable conduct nor by resort to independent legal advice. Public interest demands that all facts relevant to such matters be submitted formally or informally to the Patent Office, which can then pass upon the sufficiency of the evidence. Only in this way can that agency act to safeguard the public in the first instance against fraudulent patent monopolies. Only in that way can the Patent Office and the public escape from being classed among the 'mute and helpless victims of deception and fraud.' . . ."

Relying upon this decision, courts have determined that breach of an applicant's duty of disclosure, when effected by any conduct in excess of simple negligence, is sufficient to warrant the award of attorneys' fees to the prevailing party:

"A patent applicant's breach of duty to the Patent Office is relevant in determining not only the validity of his patent, but also his good faith in maintaining a subsequent infringement action. An applicant's fraud on the Patent Office is enough standing alone to convert his later infringement action into an exceptional case within the meaning of section 285. But conduct short of fraud and in excess of simple negligence is also an adequate foundation for deciding that a patent action is exceptional. Such conduct is a serious breach of the patentee's duty to the Patent Office. The party who succeeds in invalidating the unlawful patent performs a valuable public service. It is appropriate under such circumstances to reward the prevailing party by giving him attorney's fees for his efforts, and it is equally appropriate to penalize in the same measure the patentee who obtained the patent by his wrongdoing. . . ." *Monolith Portland Midwest Co. v. Kaiser Aluminum & C. Corp.*, 407 F.2d 288, 294 (9th Cir., 1969).

*See also, Kahn v. Dynamics Corp. of America*, 367 F.Supp. 63, 75 (S.D.N.Y., 1973); *Farmer Brothers Co. v. Coca-Cola Co.*, 384 F.Supp. 595, 599–600 (C. D.Cal., 1974) and *CPC International, Inc. v. Standard Brands, Inc.*, 385 F. Supp. 1057, 1069 (D.Del., 1974). In this regard, the Seventh Circuit Court of Appeals appears to have likewise followed suit.

In the recent case of *Allen v. W. H. Brady Co.*, 508 F.2d 64 (7th Cir., 1974), the district court had similarly ascertained and entered a finding that the patentees were guilty of a lack of candor in processing their patent application. Consequently, it awarded attorney fees to the defendant under 35 U.S.C. § 285. On appeal, however, such award was reversed, not by virtue of the standard employed by the district court, but because

the Seventh Circuit determined that the district court finding was not supported by the record. Whereas the district court had determined that the existence of certain prior art had not been disclosed to the Patent Examiner, the circuit court concluded that, in fact, it had been so disclosed and that the Examiner's decision not to cite the prior art as a reference was not attributable to the applicants. The language employed by the circuit court in reversing the lower court determination, however, is most instructive:

> " . . . We are also persuaded that there *was no failure by Allen to make any disclosure* either to Dow or *to the Patent Office which affected the integrity of the Patent Office proceedings.* This is not an 'exceptional case' within § 285." *Id.* at 67 (Emphasis added.)

This Court implies from such determination that had there been a failure to disclose which affected the integrity of the Patent Office proceedings, an award of attorney fees would have been proper under 35 U.S.C. § 285. Since the only issue before this Court as concerns plaintiff's motion for judgment is whether the findings of fact entered by Judge Reynolds would support an award of attorneys' fees under § 285, which issue must be affirmatively answered in view of findings numbered 18 and 19, this Court concludes that an award of fees to the plaintiff is in fact proper. As concerns defendants' argument that an award of fees should be denied in view of the fact that plaintiff, not defendants, commenced the instant action, this Court finds such argument wholly without merit. Section 285 provides that attorney fees may be awarded to the "prevailing party," without further restriction as to whether that party commences an action for declaratory relief or defends an action for patent infringement. Furthermore, this Court fails to discern any distinction between a patentee's commencement of an infringement action or its admitted threats of imminent prosecution to the investing and consuming public. Under either set of circumstances, the patentee has forced the hand of the potential infringer and allowed no practical alternative. In any event, as earlier noted, the award of attorneys' fees to the plaintiff in a declaratory judgment action is not without precedent in this circuit. *See, e. g., L. F. Strassheim Co. v. Gold Medal Folding Furniture Co., supra.* Thus, such a restriction will not be imposed by this Court upon the application of § 285.

■■ This Court is similarly unpersuaded by the defendants' argument that they are not responsible for the "details of the patent application," which details the defendants "left to their attorney." As heretofore demonstrated, the United States Supreme Court has declared that the duty of full and fair disclosure to the United States Patent Office exists as to the applicants without regard as to whether they have sought independent legal advice. Nor have defendants cited any authority for the proposition that liability for an applicant's dishonesty and lack of candor as to the patentability of his claim before the Patent Office is absolved by his having sought legal advice. It is the duty of the Patent Office, not applicants and private attorneys, to make the determination that the existence of a particular prior art will not invalidate a patent. *See e. g., Beckman Instruments, Inc. v. Chemtronics, Inc.,* 439 F.2d 1369, 1380 (5th Cir., 1970).

Having resolved the issue of plaintiff's entitlement to attorneys' fees pursuant to the provisions of 35 U.S.C. § 285, however, the Court declines at this juncture and, premised only upon the affidavit of plaintiff's counsel, to award the amount of $17,465.25 in attorneys' fees pending an evidentiary hearing on such subject. Furthermore, the Court also declines to impose costs as a condition to the dismissal without prejudice of plaintiff's antitrust claims. The record is wholly devoid of any evidence supportive of the fact that defendants have expended time and money in preparing the defense of this claim, as they

assert. Defendants have deposed only two individuals, and there is no indication that the testimony of those individuals was exclusively relevant to the antitrust claims. In fact, to date there is every indication that the antitrust claims have lain dormant because of the concentration of effort on summary disposition of the patent invalidity claims. Nor does it appear as a matter of any cognizable fact that the antitrust claims were without merit. In the opinion of this Court, defendants are not justified in making such an assumption merely upon the basis that plaintiff wishes to dismiss the antitrust claims and has stated its desire to concentrate its efforts in the marketplace rather than the courts. Unless defendants are prepared to make an affirmative showing as to the nature of their efforts on the antitrust claims and unless they are in a position to demonstrate that their efforts substantially exceeded what is evidenced by the Court's file, the discretion of this Court will not be affirmatively exercised.

Now, therefore, it is ordered:

(1) that judgment be entered upon the findings of fact and conclusions of law entered herein on June 28, 1974;

(2) that defendants, their agents, officers, servants and employees be and hereby are permanently enjoined from making any claim that the patent owned by defendant D P Way Corporation, United States Letters Patent No. 3,541,631, constitutes a patent upon a dust filtration system used by said defendants; and

(3) that the parties appear in this Court on *Tuesday, September 30, 1975 at 11:00 A.M.*, at which time this Court will receive evidence on the costs to plaintiff of retaining legal counsel in pursuing its claim of patent invalidity and the sums, if any, expended by defendants in preparing a defense to the antitrust claims asserted in count 1 of plaintiff's complaint and will enter further orders consistent with such evidence.